## CALVIN v. UNITED STATES et al.

### No. 1665.

District Court, E. D. Missouri, E. D.,

April 7, 1942.

Meyer E. Aronoff, of St. Louis, Mo., for plaintiff.

E. M. Reidy, Asst. Chief Counsel, of Washington, D. C., Smith R. Brittingham, Jr., Sp. Asst. to the Atty. Gen., and Harry C. Blanton, U. S. Atty., of St. Louis, Mo., for defendants.

B. W. La Tourette, of St. Louis, Mo., for intervenor Superior Forwarding Co., Inc.

Before STONE, Circuit Judge, and DAVIS and COLLET, District Judges.

PER CURIAM.

At the time of the formal submission of this cause, counsel suggested that the determination of this cause be

held in abeyance awaiting the decision of the Supreme Court in the United States of America et al. v. N. E. Rosenblum Truck Lines, Inc. (The United States of America et al. v. J. B. Margolies), 62 S. Ct. 445, 86 L.Ed. ——, decided January 19, 1942. After the determination of those cases by the Supreme Court, plaintiff has filed a brief in which he seeks to distinguish the present action from those decided by the Supreme Court. The distinction contended for is that the evidence proffered by plaintiff with his application to the Commission to re-open the cause before it would show that the Superior Forwarding Company did not actually own any vehicle during the critical period immediately prior to July 1, 1935. It is argued that that fact, if established, would compel, or at least invite, the conclusion that the Forwarding Company was not a "carrier" serving the public directly as such with the result that plaintiff whose vehicles were actually devoted to the transportation of freight in the Superior Forwarding Company's name and at the Forwarding Company's direction could or should be characterized as the "carrier" over the route contended for. The fallacy of plaintiff's reasoning lies in the inaccuracy of his conclusion that to be a "carrier" within the meaning of the Motor Carrier Act, 49 U.S.C.A. § 301 et seq., it is necessary that the transportation company actually own its own vehicles. The Act makes no such requirement. The Commission found that plaintiff's vehicles were being operated in the Forwarding Company's business under the Forwarding Company's direction and control with the Forwarding Company's name appearing on the vehicles, under the Forwarding Company's bills of lading and with insurance on those operations furnished and paid for by the Forwarding Company. The most that could be said for the evidence proffered to the Commission was that it would tend to indicate that the remaining vehicle which was transporting property for the Forwarding Company was being operated under an arrangement substantially similar to the one which plaintiff had with the Forwarding Company. The operation of that remaining truck can be eliminated entirely from consideration and still the Commission's conclusion that the Forwarding Company is the "carrier" within the meaning of the Act would be the correct conclusions, since, as noted, the Motor Carrier Act does not require any particular character or type of ownership of the vehicles used.

 This cause cannot be distinguished in principle from the cases of the United States of America v. N. E. Rosenblum Truck Lines, Inc., and the United States of America v. J. B. Margolies, supra. In those cases as in this one, only the single transportation service was being given. The Commission found upon an abundance of evidence that the Forwarding Company was the "carrier" primarily rendering the service and that plaintiff was merely furnishing the vehicles for the transportation of freight for the Forwarding Company. This single service may not be divided into two or more parts and certificates issued under the Grandfather Clause to two or more parties who merely participated in rendering the single service.

A complete statement of the facts presented to the Interstate Commerce Commission is reported in the Commission's report of this case found in Vol 28, I.C.C. Reports (Motor Carrier Cases) Page 755. Those facts bring this case squarely within the rule announced by the Supreme Court in the cases referred to.

For the reasons stated by the Supreme Court in the cases cited, the plaintiff's bill is without merit.