**ALASKA VAN AND STORAGE CO., Inc., and Alaska Terminals Inc., Plaintiffs,**

v.

**The UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. No. F-21-64.**

United States District Court
D. Alaska,
at Fairbanks.
April 26, 1965.

7. From 7 to 11 peace officers and agents at one time or another entered or departed from the premises. (Tr. p. 39).

Julian C. Rice and Howard P. Staley, Rice & Staley, Fairbanks, Alaska, for plaintiffs.

Richard L. McVeigh, U. S. Atty., Anchorage, Alaska, and Arthur J. Cerra, Attorney, Interstate Commerce Commission, Washington, D. C., for defendants.

Before JERTBERG, Circuit Judge, and HODGE and PLUMMER, District Judges.

PLUMMER, District Judge.

This is an action to set aside orders of the Interstate Commerce Commission (Commission). Jurisdiction in this court is based on 49 U.S.C.A. §§ 17(9), 305(g); 28 U.S.C.A. §§ 1336, 1398, 2284; 28 U.S.C.A. §§ 2321–2325; and 5 U.S.C.A. § 1009.

Plaintiff Alaska Van and Storage Co., Inc., (Alaska Storage) is a Washington corporation, and plaintiff Alaska Terminals Inc. (Alaska Terminals) is an Alaskan corporation. Both do business moving household goods between points in Alaska. Each separately filed an application for a certificate of public convenience and necessity, authorizing continuation of these activities. These applications were filed pursuant to 49 U.S.C.A. § 306(a)(5), section 206(a)(5) of the Act, and are known as "Grandfather" applications.

The Commission found that Alaska Storage in its own right had qualified as a common carrier within the meaning of section 206(a)(5) of the Act. It further found that Alaska Terminals had met the requirements of the statute and established "Grandfather" rights in respect to the transportation of household goods as defined by the Commission, between all points in Alaska with certain exceptions not here material. Having reached these conclusions the Commission proceeded further to find that the operations of Alaska Storage and Alaska Terminals had been conducted since early 1961 out of the same facilities, with the use of the same equipment, and, to a large extent, with the use of common personnel. It therefore concluded that the two operations were, in fact, conducted as one transportation business and that only one certificate would be issued.

The Commission ordered applicants to select the company which would receive the certificate and directed that unless this was done within 90 days, or such additional time as the Commission might authorize, the grant of authority would be considered null and void and the applications would stand denied in their entirety.

Plaintiffs contend that the orders of the Commission are not based on substantial evidence, are contrary to statute, and that they violate due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

The issue for determination by this court is whether the Commission's conclusion that plaintiffs had been engaged in only one transportation business during the critical period and for that reason entitled to only one common carrier "Grandfather" certificate has a rational basis, in accordance with applicable law, and is supported by substantial evidence upon the record as a whole.

49 U.S.C.A. § 306(a)(5), section 206 (a)(5) of the Act, provides, in pertinent part, as follows:

"* * * [I]f any person * * * was in operation on August 26, 1958, * * * as a common carrier engaged in transportation in interstate or foreign commerce of * * * property by motor vehicle between places in the Territory of Alaska, and has so operated in Alaska since that time * * * *a certificate shall be issued authorizing such operations without requiring further proof that public convenience and necessity will be served thereby, and without further proceeding* * * *."* (Emphasis supplied.)

■ Counsel for plaintiffs contend that the language of the Act is undeniably clear and means precisely what it says. They maintain that the Commission, having found that each of the applicants met the requirements of the Act and having found each of them to be entitled to a certificate authorizing such operations, was required by the mandatory wording of the statute to issue a certificate to each applicant "without further proceeding".

We agree.

■ Additionally, after carefully reviewing the entire record, we are unable to agree with the Commission's conclusion that the two operations, since early 1961, were conducted as one transportation business. The conclusion is not supported by substantial evidence upon the record as a whole and is clearly erroneous.

The defendants concede that the fact that the two companies are commonly controlled would not in any way prevent them from receiving two "Grandfather" certificates if, in fact, they were engaged in two separate transportation businesses during the grandfather period. The defendants further concede that each applicant was a separate legal entity.

The record clearly establishes that each applicant held itself out to the public and to its customers as being engaged as a carrier; provided the insurance coverage required by the Commission; represented a different national van line which originated or terminated the traffic; and made separate tenders to the military.

■ The mere fact that the two companies, for reasons of economy, operated for a time out of the same facilities, with the use of the same equipment, and, to a large extent, with the use of common personnel, does not support the conclusion that the two companies were being conducted as one transportation business.

The defendants in support of the proposition that where two or more companies, although purporting to act as separate carriers, have in fact only a single transportation service, are entitled to only a single "Grandfather" certificate, cite Thomson v. United States, 321 U.S. 19, 64 S.Ct. 392, 88 L.Ed. 513 (1944); United States v. Rosenblum Truck Lines, 315 U.S. 50, 53–54, 62 S.Ct. 445, 86 L.Ed. 671 (1942); Evans v. United States, 65 F.Supp. 183, 187 (D.Va.1946), affirmed 329 U.S. 668, 67 S.Ct. 78, 91 L.Ed. 590; Calvin v. United States, 44 F.Supp. 684, 685 (D.Mo.1942).

There is a significant difference between the cases cited and the case before the court which distinguishes the cases cited and render them inapplicable. In this case each applicant was found by the Commission to have met the requirements of the Act and to be entitled to a certificate. In the cases cited by the defendants the applicant in each instance was found not to be a carrier but was found to be a person rendering a service to the carrier, who conducted a single business of which the service rendered by the applicant was only a part of that single business.

The order of the Commission dated January 22, 1964, in No. MC–118490 (Sub-No. 2), Alaska Van & Storage Co., Inc.—Alaska "Grandfather" Application, and the order of the Commission dated June 30, 1964, in No. MC–118491 (Sub-No. 2), Alaska Terminals "Grandfather" Application, are hereby vacated and set aside and the Commission is hereby directed to enter appropriate orders di-

recting the issuance of appropriate certificates to each of the applicants.

Counsel for plaintiffs will submit, pursuant to local court rule 14, within twenty (20) days, proposed findings of fact, conclusions of law and judgment in accordance with this opinion.